MORGAN, LEWIS & BOCKIUS LLP
ANNE M. BRAFFORD, SBN 237574
ROBERT R. WENNAGEL, SBN 240640
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000
Fax:  949.399.7001
abrafford@morganlewis.com
rwennagel@morganlewis.com

Attorneys for Defendant
CBS BROADCASTING INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO LOBATO, an individual, | Case No. CV09-04962 DDP (FMOx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| CBS BROADCASTING, INC., a corporation doing business in California; and DOES 1 through 25, | Complaint Filed:  May 4, 2009<br>Trial Date:  August 10, 2010 |
| Defendants. | |

DB2/21469225.1

The following procedures shall govern the production, use, and disclosure of confidential documents and other information in the above-captioned action:

1. Any party may designate as "Confidential" those documents produced during this action and information provided in interrogatory responses or in testimony by a party or a witness who is or was employed by Defendant which the party considers to contain or constitute information that (a) is not in the public domain and (2) consists of either: (a) financial data; or (b) product information not publicly distributed; or (c) technical data; or (d) compensation, investigatory, disciplinary or other private personnel information concerning present and former employees of Defendant; or (e) information pertaining to the finances or economic condition of any party.

2. The parties will suffer specific harm and prejudice regarding the categories of documents that may be designated as "Confidential" pursuant to paragraph 1 as follows: (a) the television industry is highly competitive and Defendant will be harmed if its financial data is not covered by a protective order because such information constitutes proprietary and confidential information of Defendant that, if made public, will cause harm to Defendant's business and financial interests; (b) the television industry is highly competitive and Defendant will be harmed if its product information is not covered by a protective order because such information constitutes proprietary and confidential information of Defendant that, if made public, will cause harm to Defendant's business and financial interests; (c) the television industry is highly competitive and Defendant will be harmed if its technical data is not covered by a protective order because such information constitutes proprietary and confidential information of Defendant that, if made public, will cause harm to Defendant's business and financial interests; (d) third parties will be harmed if Defendant releases the compensation, investigatory, disciplinary or other private personnel information concerning present and former employees of Defendant because such disclosure violates the employees' privacy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21469225.1            -2-
[PROPOSED] PROTECTIVE ORDER

interests and may cause them embarrassment and humiliation; (e) the parties will be harmed if information pertaining to the finances or economic condition of either party is not covered by a protective order because such information constitutes proprietary and confidential information of Defendant that, if made public, will cause harm to Defendant's business and financial interests, and the information may cause either party embarrassment.

3. Materials consisting of documents or interrogatory responses may be designated as "Confidential" by a party by so marking the materials as of the time the responses and/or copies of requested materials are provided to any other party requesting them. Documents or interrogatory responses so designated shall be treated in the manner prescribed in paragraph 6.

4. If, during the course of a deposition, information is elicited that a party believes to be Confidential, counsel shall designate the information as "Confidential" on the record. In the alternative, a party may make this designation within 30 days after the party's counsel receives the deposition transcript. Information contained in a transcript or exhibits so designated shall be treated in the manner prescribed in paragraph 6.

5. If any party produces any confidential information without timely labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such documents and things in the manner prescribed in paragraph 6 from the date such notice is received. Disclosure, prior to the receipt of such notice of the confidential status of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

6. All materials designated as "Confidential" shall be used only for the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21469225.1                                   -3-

[PROPOSED] PROTECTIVE ORDER

purposes of this litigation and may be given, shown, made available to, or communicated in any way only to parties (including the parties' employees, agents, and representatives), counsel of record for the parties, counsel's employees, the Court (including persons employed by the Court and court reporters), non-party deponents pursuant to paragraph 7, third party consultants and independent experts to whom it is necessary that the materials be shown for purposes of this litigation, and third parties jointly selected by the Plaintiff and Defendant for the purpose of conducting any form of alternate dispute resolution in this litigation.  Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information (as opposed to "Confidential" documents or information produced by another party).

7. During a deposition a non-party deponent may be shown, and examined about, materials designated as "Confidential" if the provisions of paragraph 8 are complied with.  Non-party deponents shall not retain or copy such materials or portions of the transcripts of their depositions that contain confidential material unless they comply with the provisions of paragraph 8.

8. Each person permitted by the parties or their counsel to have access to documents marked "Confidential" (other than the parties or their counsel or counsel's employees) shall, prior to being afforded such access, be shown this Stipulation and Order and shall sign an agreement, in the form attached hereto as Attachment "A," stating that he or she has read and understands its terms and shall abide by them.  A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall, upon request, be available for inspection and copying by counsel subject to objection on the basis of attorney-client privilege and attorney work product.

9. In the event that any party intends to file one or more documents marked as "Confidential" with the Court or to file any deposition testimony that has been identified as confidential with the Court or disclose confidential information in

1  a brief filed with the Court, the party desiring to file such information shall give
2  advanced notice to the other party. Thereafter, the parties will promptly meet and
3  confer in an attempt to have the information filed with the Court without the need for
4  it to be under seal, such as agreeing to remove the confidentiality restrictions for the
5  purposes of filing the information with the Court or redacting confidential
6  information prior to its filing with the Court. Any dispute relating to this Protective
7  Order must be resolved pursuant to Local Rule 37 of the Central District of
8  California.

9        10. Subject to public policy, and further court order, nothing shall be filed
10 under seal, and the court shall not be required to take any action, without separate
11 prior order by the Judge before whom the hearing or proceeding will take place, after
12 application by the moving party with appropriate notice to opposing counsel.

13       11. The Parties shall comply with Local Rule 79-5 of the Central District
14 of California in the event that they lodge or file any documents covered by this order
15 with the Court.

16       12. This Protective Order shall not be construed as waiving any right to
17 assert a bona fide claim of privilege or any other objection as to the discoverability
18 and/or admissibility of any information.

19       13. This Protective Order shall be without prejudice to any party's right to
20 bring a motion at any time to determine the propriety of a claim that certain
21 documents or information constitute "Confidential" information. Any dispute
22 relating to this Protective Order must be resolved pursuant to Local Rule 37 of the
23 Central District of California.

24       14. If this case proceeds to trial, any party seeking to designate and
25 maintain documents as "Confidential" during use at trial must show good cause to
26 the district judge in advance of the trial. Documents previously designated as
27 "Confidential" and not used at trial shall remain subject to the terms of this
28 Protective Order until further order of this Court or a court of competent jurisdiction,

and shall not cease to be in effect because this litigation is finally adjudicated. Upon termination of this action, all documents and data designated "Confidential" pursuant to this Order, including all copies of such documents and all summaries of data contained in such documents, and compilations of any nature whatsoever derived from such documents, shall be returned to counsel for the party which produced them upon written request of the producing party.

15. If this case does not proceed to trial, the terms of this Protective Order shall remain in full force and effect until further order of this Court or a court of competent jurisdiction, and shall not cease to be in effect because this litigation is finally adjudicated. Upon termination of this action, all documents and data designated "Confidential" pursuant to this Order, including all copies of such documents and all summaries of data contained in such documents, and compilations of any nature whatsoever derived from such documents, shall be returned to counsel for the party which produced them upon written request of the producing party.

IT IS SO ORDERED.

Dated: 12/17/09                        /s/
                                       United States Magistrate Judge
                                       Hon. Fernando M. Olguin

ATTACHMENT "A"

CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

    1. I have read the Protective Order entered in the action presently pending in the United States District Court, Central District of California entitled <u>Rogelio Lobato v. CBS Broadcasting Inc.</u>, Case No. CV09-04962 DDP (FMOx);

    2. I understand the terms of the Protective Order;

    3. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms, and;

    4. I irrevocably submit my person to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

Dated: _____

_____
Signature

_____
Name

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

DB2/21469225.1   -7-
[PROPOSED] PROTECTIVE ORDER

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

# PROOF OF SERVICE

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On December 14, 2009, I served on the interested parties in this action the within document(s) entitled:

**[PROPOSED] PROTECTIVE ORDER**

[ X ]   **BY E-FILE**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Patricio T.D. Barrera, Esq.<br>Ashley Allison Davenport, Esq.<br>BARRERA & ASSOCIATES<br>1500 Rosecrans Ave., Suite 500<br>Manhattan Beach, CA 90266<br>Tel: 310.802.1500<br>Fax: 310.802.0500<br>barrera@baattorneys.com<br>davenport@BAattorneys.com | Attorneys for Plaintiff ROGELIO LOBATO |
| Michael C. Martinez, Esq.<br>MARTINEZ CHARLES LLP<br>1055 East Colorado Blvd., Suite 500<br>Pasadena, CA 91106<br>Tel: 626.240.4664<br>Fax: 626.240.4665<br>mmartinez@browngitt.com | Attorneys for Plaintiff ROGELIO LOBATO |

[ X ]   **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on December 14, 2009, at Irvine, California.

/s/  Jojo Nghiem
Jojo Nghiem

DB2/21469225.1